**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| HAYLEY MICHELLE RYBERG, | ) |
|     Plaintiff, | ) |
| | ) |
|        v. | )CAUSE NO.: 2:17-CV-449-JEM |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner for Operations, | ) |
| Social Security Administration, | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Hayley Michelle Ryberg, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16], filed June 15, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed for an award of benefits, or alternatively, reversed and remanded for further proceedings. On July 27, 2018, the Commissioner filed a response, and on August 23, 2018, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for reversal, with remand for further proceedings.

**I.      Background**

On January 24, 2013, Plaintiff filed an application for benefits alleging disability beginning October 10, 2012. On October 22, 2013, Administrative Law Judge ("ALJ") William E. Sampson issued a decision denying benefits, and the Appeals Council denied review. On August 29, 2016, this Court issued an Opinion and Order reversing the ALJ's decision and remanding the matter for further proceedings. On July 26, 2017, ALJ Michelle Whetsel held a video hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On August 10, 2017, the ALJ

issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant met the insured status requirements of the Social Security Act through December 31, 2016.

2.  The claimant has not engaged in substantial gainful activity since October 10, 2012, the alleged onset date.

3.  The claimant has the following severe impairments: fibromyalgia, headaches, obesity, degenerative disc disease, straightening of the normal cervical lordosis, and anxiety disorders.

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.

5.  The claimant has the residual functional capacity to perform a full range of sedentary work, as that term is defined in 20 CFR 404.1567(a) and 416.967(a), except that she can occasionally climb ramps and stairs, should never climb ladders, ropes, or scaffolds, and can occasionally balance stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme heat, extreme cold, moving machinery, and unprotected heights. She can frequently handle and finger bilaterally. She can remember and follow simple but not detailed instructions, can perform the tasks assigned, but not always a production rate pace; she can however meet end of day work goals. She can occasionally adapt to rapid changes in the workplace. She can have occasional contact with coworkers, supervisors and the general public.

6.  The claimant is unable to perform any past relevant work.

7.  The claimant was 31 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8.  The claimant has at least a high school education and is able to communicate in English.

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferrable job skills.

10. Considering the claimant's age, education, work experience, and residual

functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.    The claimant has not been under a disability, as defined in the Social Security Act, from October 10, 2012, through the date of this decision.

The Appeals Council again denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.    Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the

question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review.*" Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

Plaintiff argues that the ALJ failed to properly evaluate the opinion of her treating physician,

that the ALJ's assessment of Plaintiff's residual functional capacity was not supported by substantial evidence, and that the ALJ failed to properly analyze Plaintiff's subjective complaints. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

Plaintiff first argues that the ALJ failed to properly assess the opinions of her treating physician, Dr. Chao Gong. "[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, she must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

Dr. Gong opined, essentially, that Plaintiff did not have the stamina to work in a full-time job, and that she could not perform even low-stress work due to severe pain related to her fibromyalgia. The ALJ afforded Dr. Gong's opinion "little weight" because "the objective evidence in the record, including Dr. Gong's own treatment notes, does not support her opinion. While the

claimant has routinely displayed multiple pain trigger points, treating physical examinations have otherwise been essentially normal." That is not a "sound explanation" for dismissing Dr. Gong's opinion about Plaintiff's capabilities, because the symptoms of fibromyalgia are often subjective, and may not be ruled out by objective tests. *See Akin v. Berryhill*, 887 F.3d 314, 318 (7th Cir. 2018) ("We are troubled by the ALJ's purported use of objective medical evidence to discredit [the claimant's] complaints of disabling pain because fibromyalgia cannot be evaluated or ruled out by using objective tests."); *Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) ("fibromyalgia . . . cannot be measured with objective tests aside from a trigger-point assessment") (collecting cases and medical authority). The recognized test for diagnosing fibromyalgia is the trigger-point assessment, and Dr. Gong's Medical Source Statement indicated tenderness in 12 of the 18 tender point sites. *See* SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012) ("[W]e may find that a person has [fibromyalgia] if he or she has . . . [a]t least 11 positive tender points on physical examination."). The ALJ's failure to explain why she thought the objective tests were inconsistent with Dr. Gong's opinion leaves the Court concerned that the ALJ substituted her own judgment for that of the medical professionals. *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) "[A]dministrative law judges of the Social Security Administration[] must be careful not to succumb to the temptation to play doctor. . . . Common sense can mislead; lay intuitions about medical phenomena are often wrong."); *see also e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).

Plaintiff argues that the ALJ's assessment of her RFC was not supported by substantial evidence. The ALJ limited Plaintiff, in part, to "a full range of sedentary work." The ALJ afforded

little weight to the opinion of Dr. Gong, who stated that Plaintiff could not sustain full-time work. She afforded little weight to the State agency doctors, who prescribed "light work," because subsequent evidence supported further limitations. However, the ALJ did not explain how she arrived at the conclusion that Plaintiff could perform sedentary work, despite evidence in the record that Plaintiff had difficulty sitting for long periods and that static positions precipitated her pain. *See Briscoe*, 425 F.3d at 352 ("[T]he ALJ did not explain how he arrived at these [RFC] conclusions; this omission in itself is sufficient to warrant reversal"); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion"). The ALJ made a similar mistake with respect to Plaintiff's mental RFC limitations. In the RFC, the ALJ concluded in part that Plaintiff "can remember and follow simple but not detailed instructions, can perform the tasks assigned, but not always a production rate pace; she can however meet the end of day work goals." The ALJ did not explain the basis for her assessment that Plaintiff could not meet a "production rate pace" but could meet "end of day work goals," leaving the Court without a logical bridge between the evidence and the ALJ's conclusions. *O'Connor-Spinner*, 627 F.3d at 618.

Nor did the ALJ address how Plaintiff's obesity may have affected her ability to perform sedentary work. The ALJ mentioned Plaintiff's obesity and found it to be a "severe" impairment, but was also required to assess the exacerbating effects of obesity on her other conditions when arriving at the RFC assessment. *See* SSR 02-1p, 2002 WL 34686281 (September 12, 2002); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (remanding where ALJ failed to consider how [claimant's] obesity affects her limited ability to sit); *Clifford*, 227 F.3d at 873 (remanding where ALJ "should have considered the weight issue with the aggregate effect of [claimant's] other

impairments"). That omission was particularly important here, given Plaintiff's testimony and Dr. Gong's opinion indicating that Plaintiff had difficulty sitting for long periods. On remand, the ALJ must assess "the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment." SSR 02-1p at *6.

Plaintiff also alleges that the ALJ failed to properly consider her subjective complaints. In assessing a claimant's substantive complaints, the ALJ must "evaluate whether [those] statements are consistent with objective medical evidence and the other evidence," and "explain" which symptoms were found to be consistent or inconsistent with the evidence. SSR 16-3p, 2016 WL 1119029, at *6, *8 (Mar. 16, 2016); *see also Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (remanding where ALJ failed to "explain[] the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence) (citing *Clifford*, 227 F.3d at 870-72). The ALJ found in part that "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." The ALJ cited to the objective medical tests as inconsistent with Plaintiff's complaints of pain, which is not a sufficient analysis when a claimant has fibromyalgia, as explained above. *See also Villano*, 556 F.3d at 562 ("[T]he ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it."); 20 C.F.R. § 404.1529 ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms . . . solely because the available objective medical evidence does not substantiate your statements."). In addition, the ALJ apparently found that Plaintiff's symptoms were not as bad as she claimed because she had not "required frequent emergency room visits for her alleged headaches or bouts of dizziness." The ALJ cited to no evidence or medical opinion for the

proposition that emergency room visits would have alleviated those conditions. Plaintiff did testify that when she got headaches, she would lie down in a quiet, dark room – choosing to "structur[e her] activities to minimize symptoms," which the ALJ should have considered in assessing the seriousness of her headache complaints. SSR 16-3p at *9.

Plaintiff requests reversal with remand for an award of benefits. An award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability. *Briscoe*, 425 F.3d at 356. In this case, Dr. Gong's opinion suggests that she cannot work, the prior examination reports of the State agency doctors suggested that she can, and a more recent examination by Dr. R. Jao suggests looser restrictions than Dr. Gong, but does not clearly opine as to Plaintiff's work capability. Although the ALJ's analysis was inadequate, remand for benefits is not appropriate on this record. *See Allord v. Astrue,* 631 F.3d 411, 417 (7th Cir. 2011) (affirming reversal for re-hearing, rather than an award of benefits, where "contradictory inferences could be drawn from the physicians' testimony"); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) ("the record is not so clear that we can award or deny benefits on appeal").

On remand, the ALJ is instructed to consider the treating physician's opinion in the manner described in 20 C.F.R. §§ 404.1527(c), and to provide a "sound explanation" if he or she rejects that opinion. *Punzio*, 630 F.3d at 710. The ALJ must draw a logical bridge from the evidence as it appears in the record to his or her conclusions about Plaintiff's RFC, including the evidence that does not support his or conclusions. He or she must assess the combined impact of Plaintiff's impairments, including her obesity, on her ability to work, and must evaluate Plaintiff's subjective complaints in the manner prescribed by Social Security Ruling 16-3p, explaining any symptoms that the ALJ finds to be consistent or inconsistent with the record evidence.

## IV.    Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16], **DIRECTS** the Court to enter judgment in favor of Plaintiff, and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 25th day of February, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record